# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELJUAN MARKE GOODLOW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77624

FILED

MAR 27 2020

CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing appellant Deljuan Marke Goodlow's postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Goodlow argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel without conducting an evidentiary hearing. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient by falling below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 686, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of

---

[1]Goodlow initially filed a proper person petition for a writ of habeas corpus on six grounds. After he was appointed counsel to assist with his petition, counsel filed a supplemental petition raising the additional ground of ineffective assistance of trial and appellate counsel. Although the district court resolved all of the arguments raised in both petitions in its order granting the State's motion to dismiss, Goodlow only challenges the district court's ruling on his ineffective-assistance-of-counsel argument on appeal.

20-11761

ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous, but we review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Goodlow argues that his trial and appellate counsel provided ineffective assistance because both should have challenged the phrasing of Jury Instruction No. 50, which dealt with the elements of withdrawal from a conspiracy under Nevada law. Goodlow claims that this instruction was incorrect as a matter of law because it stated "that a withdrawal could occur only before the conspirators did *any* overt act in furtherance of the conspiracy," and, therefore, "no matter what the evidence showed, the jury was *precluded* from finding" he withdrew. He further contends that the instruction was incorrect according to *Smith v. United States*, 568 U.S. 106, 112-14 (2013) (providing that a defendant bears the burden of proving, by a preponderance of the evidence, that he withdrew from a conspiracy to avoid liability for the acts committed by the co-conspirator postwithdrawal), and that counsel should have argued for California's model jury instruction. We disagree.

Goodlow correctly argues that trial counsel did not object to Jury Instruction No. 50 as the parties were settling jury instructions. However, Goodlow misstates the language of Jury Instruction No. 50 by arguing that the jury was prevented from finding that he withdrew from the conspiracy the moment "*any* overt act" occurred. Instead, Jury

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Instruction No. 50 properly instructed the jury that it could find that Goodlow was not responsible for his co-conspirator's "future crime(s)" if the jury determined that he withdrew from the conspiracy "before *an* overt act in furtherance of the conspiracy's target crime(s) ha[d] been committed by" the co-conspirator. (Emphasis added.)

Even assuming Goodlow is correct, the State presented substantial evidence of Goodlow's guilt at trial, including witness testimony and a surveillance video that clearly depicts Goodlow's actions both before and after he claims to have withdrawn. Accordingly, the jury was permitted to decide if Goodlow withdrew "before an overt act in furtherance of the conspiracy's target crime(s) ha[d] been committed by" the co-conspirator. *See Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (stating that it is the jury's function to assess the weight of the evidence and credibility of the witnesses). Moreover, "[t]he district court has broad discretion to settle jury instructions," *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005), and any error in giving Jury Instruction No. 50 would have been harmless, *see Rose v. State*, 127 Nev. 494, 500, 255 P.3d 291, 295 (2011) ("An erroneous instruction on the elements of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." (internal quotation marks omitted)). Goodlow has failed to demonstrate that his trial counsel was deficient or that he was prejudiced.

As for appellate counsel, he did not raise arguments relating to Jury Instruction No. 50. But, even assuming appellate counsel's performance was deficient, Goodlow has failed to show prejudice as it is doubtful that the outcome of his appeal would have been successful given the overwhelming evidence of Goodlow's guilt presented by the State. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*Lader*, 121 Nev. at 686, 120 P.3d at 1167 ("Where the [ineffective-assistance] claim involves appellate counsel, prejudice is demonstrated by showing that an omitted issue had a reasonable probability of success on appeal."). Therefore, Goodlow has failed to demonstrate that he was prejudiced.

Because Goodlow has not shown that he was prejudiced by either trial or appellate counsel's performances or that there was a reasonable probability of a different outcome absent the errors, we conclude that the district court did not err in dismissing his petition without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (concluding a petitioner is only entitled to an evidentiary hearing if he raises claims, supported by specific factual allegations, that would warrant relief if true and only if the claims are not belied by the record).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Scott N. Freeman, District Judge
     Edward T. Reed
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk